UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES NOLAN WILSON,

    Petitioner,

v.                                             CASE NO. 8:06-CV-2118-T-30MSS

JAMES V. McDONOUGH,

    Respondent.
_____/

**O R D E R**

Petitioner, an inmate in the Florida penal system proceeding *pro se*, initiated this cause of action by filing a petition for federal habeas relief pursuant to 28 U.S.C. § § §2254 (Dkt. 1). Petitioner is challenging his 1996 convictions for sexual battery (3 counts) and lewd and lascivious conduct (4 counts) entered by the Thirteenth Judicial Circuit Court, Hillsborough County, Florida. Respondent has filed a motion to dismiss the Petition (Dkt. 6), and Petitioner has filed a reply to the motion to dismiss (Dkt. 7). This matter is now before the Court for consideration of Respondent's motion to dismiss.

**Background**

On March 8, 1996, the State Attorney filed an eight-count information charging Petitioner with three counts of sexual battery on a victim under 18, and five counts of lewd and lascivious act. (Dkt. 10, Ex. 1). On April 3, 1996, Petitioner entered a negotiated plea of guilty to three counts of sexual battery (Counts 1, 2, and 3), and four counts of lewd and

lascivious act (Counts 4, 5, 6, and 7).[1] (Dkt. 10, Ex. 2). On that same date, the court sentenced Petitioner to twenty (20) years Florida State Prison, suspended after ten years, followed by ten years of probation on Counts 1, 2, and 3, and to fifteen years in prison, suspended after ten years, followed by five years probation on Counts 4, 5, 6, and 7. All counts run concurrently. (Dkt. 10, Ex. 3).

In 2002, Petitioner was released from prison and began serving his probation. On March 16, 2004, the court found Petitioner in violation of probation on all counts. The court revoked Petitioner's probation and sentenced him to twenty (20) years imprisonment on Counts 1, 2, and 3, and to fifteen years on Counts 4, 5, 6, and 7, concurrently, with credit for previously served Florida State Prison time, including any unforfeited gain time. (Dkt. 10, Ex. 4).

Petitioner filed a 3.800(a) motion contending that his sentence was illegal under state law. (Dkt. 10, Ex. 5). The trial court summarily denied the motion. (Dkt. 10, Ex. 6). Petitioner appealed the adverse ruling, but the appellate court affirmed. (Dkt. 10, Ex. 7). *Wilson v. State*, 902 So. 2d 161 (Fla. 2d DCA 2005)(table decision).

Petitioner filed a second motion to correct sentence. (Dkt. 10, Ex. 9). This motion was summarily denied by the trial court. (Dkt. 10, Ex. 10). Petitioner appealed, and the appellate court filed a written opinion reversing the case and remanding for further consideration of his sentence. (Dkt. 10, Ex. 11). *Wilson v. State*, 913 So. 2d 1277 (Fla. 2d DCA 2005).

---

[1]Count 8 was nolle prossed.

On remand, the trial court again denied Petitioner's second motion to correct sentence. (Dkt. 10, Ex. 13).

Petitioner filed a third motion to correct sentence. (Dkt. 10, Ex. 14). The motion was summarily denied by the trial court. (Dkt. 10, Ex. 15). Petitioner appealed the ruling and the appellate court affirmed. (Dkt. 10, Ex. 16). *Wilson v. State*, 935 So. 2d 11 (Fla. 2d DCA 2006). Petitioner sought discretionary review in the Florida Supreme Court, but the court dismissed the petition for review for lack of jurisdiction. (Dkt. 10, Ex. 18). *Wilson v. State*, 941 so.2d 1172 (Fla. 2006). Thereafter, Petitioner filed the instant petition for federal habeas relief (Dkt. 1).

## Standard of Review

Pursuant to 28 U.S.C. § § 2254(a), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted and effective on April 24, 1996, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § § 2254(a). Where a state court initially considers the issues raised in the petition and enters a decision on the merits, § 2254(d) governs the review of those claims. *See Penry v. Johnson,* 532 U.S. 782, 792 (2001); *Henderson v. Campbell*, 353 F.3d 880, 889-90 (11th Cir. 2003).

Habeas relief may not be granted with respect to a claim adjudicated on the merits in a state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § § 2254(d). *Price v. Vincent*, 538 U.S. 634, 638-39 (2003); *Clark v. Crosby*, 335 F.3d 1303, 1308 (11th Cir. 2003).

### Discussion

Since Petitioner's conviction was entered after AEDPA was enacted, his petition is subject to the provisions thereof. Where, as here, a state court initially considered the issues raised in the petition and entered a decision on the merits, § 2254(d) governs the review of the petitioner's claim. *See Mobley v. Head,* 267 F.3d 1312, 1316 (11th Cir. 2001).

Petitioner asserts that the twenty-year sentence[2] imposed after revocation of probation on the three sexual battery counts is illegal because it exceeds the original sentence. Petitioner maintains that after revocation of probation the trial court could only sentence him to a prison term that was no greater than the suspended portion of the original sentence, in his case, ten years.

Because Petitioner is seeking federal habeas relief, the initial inquiry must focus on whether the petition makes a threshold showing of a claim cognizable under § §2254. As stated *supra*, a federal habeas petition may be entertained only on the ground that a petitioner

---

[2] Again, the trial court sentenced Petitioner to twenty (20) years with credit for ten (10) years time served and any unforfeited gain time (Dkt. 10, Ex. 6 at 2-6).

is in custody in violation of the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § § 2254(a).

Petitioner raises sentencing issues which are not cognizable in a federal habeas corpus action. It is well-settled that a petition grounded on issues of state law provides no basis for habeas relief. *See Estelle v. McGuire* 502 U.S. 62, 67-68 (1991); *Krasnow v. Navarro*, 909 F.2d 451, 452 (11th Cir. 1990); *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988) (stating that "a habeas petition grounded on issues of state law provides no basis for habeas relief. . . . In the area of state sentencing guidelines in particular, we consistently have held that federal courts cannot review a state's alleged failure to adhere to its own sentencing procedures" (citations omitted)). *See also McCoy v. Newsome*, 953 F.2d 1252, 1264 (11th Cir. 1992); *Carrizales v. Wainwright*, 699 F.2d 1053, 1054-55 (11th Cir. 1983). The Eleventh Circuit has emphasized that "mere errors of state law are not the concern of [a federal] [c]ourt unless they rise for some other reason to the level of a denial of rights protected by the United States Constitution." *Harmon v. Barton*, 894 F.2d at 1276 (11th Cir. 1989) (quoting *Dugger v. Adams*, 489 U.S. 401, 410 (1989)).

Because Petitioner is challenging the trial court's application of state sentencing laws, so long as his sentence is within the limits set by the legislature as punishment for his crime, in the absence of some other offending conduct, he cannot demonstrate a cognizable claim for federal habeas relief. Petitioner pled guilty to three counts of sexual battery[3] under Florida

---

[3] Petitioner does not challenge the trial court's sentence on the four counts of lewd and lascivious conduct.

Statute, §794.011(8)(b), a first degree felony. The statutory maximum sentence for a first degree felony is a term of imprisonment not exceeding 30 years or, when provided by statute, a term of years not exceeding life imprisonment. *See* Fla. Stat. § 775.082(3)(b) (1995). Petitioner's guidelines sentence range was from 12.175 years (146.1 months) to 20.291 years (243.5 months). Petitioner was sentenced to a term of 20 years. This sentence is within the constraints set by the Florida legislature in the sentencing guidelines. *See* Fla. Stat. § 921.0014(2) (1995). Thus, Petitioner's claim is not cognizable under the federal habeas statute. *See* 28 U.S.C. § § §2254.

State courts are the ultimate expositors of their own state's laws, and federal courts entertaining petitions for writs of habeas corpus are bound by the construction placed on a state's criminal statutes by the courts of the state except in extreme cases. *See McCullough v. Singletary*, 967 F.2d 530, 535-36 (11th Cir. 1992), *cert. denied*, 507 U.S. 975 (1993); *Branan*, 861 F.2d at 1508.

The Court finds that Petitioner has not demonstrated a claim which rises "to the level of a denial of rights protected by the United States Constitution." *Harmon v. Barton*, 894 F.2d 1268, 1276 (11th Cir. 1990) (quoting *Dugger v. Adams*, 489 U.S. 401, 410 (1989)). The Court has examined the arguments presented in the petition and Petitioner's reply to Respondent's response and finds that his assertions that he is entitled to federal habeas relief lack merit.

## Conclusion

For the foregoing reasons, the Court finds that Petitioner has failed to establish that he is entitled to federal habeas relief.

ACCORDINGLY, the Court **ORDERS** that:

1. The Petition for Writ of Habeas Corpus is **DENIED** (Dkt. 1).

2. The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on July 12, 2007.

*/s/ James S. Moody, Jr.*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copy furnished to:
*Pro Se* Petitioner/Counsel of Record

SA:sfc