# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

JAMES NOLAN WILSON,

      Petitioner,

v.                                      CASE NO. 8:06-CV-2118-T-30MSS

JAMES V. McDONOUGH,

      Respondent.

_____/

# ORDER

      This matter comes before the Court for consideration of Petitioner's Notice of Appeal (Dkt. 13) of the July 12, 2007 decision denying his petition for relief under 28 U.S.C. § 2254. The Court construes the Notice of Appeal as a motion for issuance of a certificate of appealability pursuant to Rule 22, Fed. R. App. P.,[1] and 28 U.S.C. § 2253[2] (Dkt. 14). Petitioner did not pay the appellate filing fee and costs or seek leave to proceed on appeal *in forma pauperis*.

---

[1] "Certificate of Appealability.  (1) In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, or in a 28 U.S.C. §§ 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §§ 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or statewhy a certificate should not issue. . . . If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals."  Rule 22, Fed. R. App. P.

[2] "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from -- (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;. . . (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c).

The Court denied Petitioner's claims on the merits (Dkt. 11).  While issuance of a COA does not require a showing that the appeal will succeed, *see Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003), under the controlling standard, a petitioner must demonstrate that reasonable jurists would find the Court's assessment of the petitioner's constitutional claims debatable or wrong.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001).  Petitioner has failed to make this threshold showing. *See Slack*, 529 U.S. at 485.

ACCORDINGLY, the Court **ORDERS** that Petitioner's Notice of Appeal (Dkt. 13), which the Court has construed as a motion for issuance of a certificate of appealability (Dkt. 14), is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on August 13, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All Parties/Counsel of Record
SA:sfc